IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTER DIVISION

| | |
|---|---|
| CECIL FELDER, #279 538, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 3:14-CV-911-MHT |
| ) | [WO] |
| KIM THOMAS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate incarcerated at the Bullock Correctional Facility in Union Springs, Alabama, filed this *pro se* 42 U.S.C. § 1983 action for damages on August 29, 2014. He seeks to challenge prison officials' conduct regarding a delay in the provision of medical treatment after he was injured in a motor vehicle accident. Named as defendants are Commissioner Thomas, Warden Kenneth Jones, Warden Sandra Giles, Warden Rene Mason, Captain Jenkins, and Sergeant Carter. Upon review of Plaintiff's allegations, the court concludes that dismissal of Plaintiff's claims against Commissioner Thomas, Warden Kenneth Jones, Warden Sandra Giles, Warden Rene Mason, and Captain Jenkins prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

On May 15, 2014, Plaintiff and three other inmates were injured in a car accident. At the time of the accident the inmates, who were on a prison work assignment in Tuskeegee, Alabama, were eating lunch in a transport van when it was rear-ended by another vehicle. Paramedics arrived and took the inmates' vital signs but indicated they needed to be transported to the hospital for further evaluation. Sergeant Carter and Captain Jenkins subsequently arrived at the scene of the accident and spoke with the paramedics. Thereafter, Sergeant Carter signed a refusal to allow the injured inmates to leave with the paramedics. Plaintiff alleges that he suffered for three months in a wheel chair and took pain medication three times a day and is "still ... not the same." Things could and would have been better, Plaintiff claims, if he had not been denied medical treatment. *Doc. No. 1* at 4; *Doc. No. 6* at 1.

Although Plaintiff names several defendants to this cause of action, he makes no allegations of wrongdoing against the individuals named to the complaint other than Defendant Carter. To the extent that Plaintiff seeks to hold Defendants Thomas, Jones, Giles, Mason, and Jenkins liable under *respondeat superior*, a § 1983 action will not support a claim under this theory. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396 (11th Cir. 1994). In *Iqbal*, the Court clarified that a government official sued in his/her individual capacity for allegedly constitutionally tortious behavior cannot be held liable on a *respondeat superior* theory or on the basis of a general

connection to allegedly responsible individuals or actions. *Id.* at 676-77 ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior* .... [A] plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution .... [P]urpose rather than knowledge is required to impose [constitutional] liability on ... an official charged with violations arising from his or her superintendent responsibilities"); *see also Greason v. Kemp,* 891 F.2d 829, 836 (11th Cir. 1990) (explaining that a supervisor "can be held liable under section 1983 when a reasonable person in the supervisor's position would have known that his conduct infringed the constitutional rights of the plaintiff, and his conduct was causally related to the constitutional violation committed by his subordinate") (citations and footnote omitted). Rather, the language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged constitutional deprivation. *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995).

Plaintiff has not alleged that Defendants Thomas, Jones, Giles, Mason, or Jenkins actually participated in or directed any of the alleged misconduct about which he complains. Without such personal involvement, these defendant may not be held liable. *Iqbal*, 556 U.S. at 676.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's claims against Commissioner Thomas, Warden Jones, Warden Giles,

Warden Mason, and Captain Jenkins be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2.   Commissioner Thomas, Warden Jones, Warden Giles, Warden Mason, and Captain Jenkins be DISMISSED as party defendants;

3.  This case be referred to the undersigned for further proceedings.

It is further

ORDERED that on or before **October 28, 2014**, Plaintiff may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  Plaintiff is advised  this Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar a party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar a party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 14th day of October, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE